### MASON et al. v. SMITH et al.

*(Supreme Court, General Term, Third Department.   September 24, 1888.)*

PRACTICE IN CIVIL CASES—PRODUCTION OF BOOKS AND PAPERS.

Plaintiffs' affidavit stated that they sold goods to defendants; that afterwards, without plaintiffs' knowledge, their clerk wrote a letter to defendants, offering, as defendants allege, a modification of the contract, and under which defendants returned part of the goods; and that plaintiffs are entirely ignorant of the contents of the letter.   The pleadings sustain these facts, and defendants do not claim the letter to be their affirmative defense.   *Held,* that an order granting a discovery of the letter would issue.

Appeal from special term, Saratoga county; FROTHINGHAM FISH, Judge.

Plaintiffs' affidavit alleged that they sold goods to defendants, and that without their knowledge their clerk wrote to defendants offering, as defendants allege, a modification of the contract; that defendants returned some of the goods, which plaintiffs refused to receive; and that plaintiffs were ignorant of the contents of the letter.

Argued before LEARNED, P J., and LANDON and INGALLS, JJ.

*J. P. Robertson*, for appellant.   *John M. Carroll*, for respondent.

LEARNED, P. J.   We think this order appealed from was properly granted. This is not what has been called "a fishing excursion." It is simply an application for discovery of a certain letter written by plaintiffs' clerk to defendant. This letter is evidently claimed to alter or modify a contract made between the parties. It is therefore really a part of the existing contract, if it has any connection at all with the matter. That it is connected with the matter is not denied by defendants. The plaintiffs do not know the contents of the letter, and have no copy of it. The defendants urge that the discovery is not shown to be necessary. We think that the plaintiffs' affidavit sufficiently shows that it is material and necessary. It can hardly be called an invasion of property rights to require a defendant to produce a copy of a specified letter written by plaintiff. In the ordinary course of business, persons retain a copy of business letters. If the plaintiffs had done this, such retention of a copy would not have invaded the defendants' rights. By some accident or negligence the plaintiff retained no copy. How are the defendants any worse off in giving a copy than they would have been if plaintiff had retained a copy when the letter was sent? Not in any way. As to the claim that the application should be denied because the plaintiffs do not state positively the contents of the letter, the plain answer is that, if they knew the exact contents of the letter, they

would not need a discovery. The existence of the letter is admitted. The affidavit and the pleadings show unmistakably that it contains a modification, or what is claimed by defendants to be a modification, of the contract between the parties. The defendants do not deny this, and give no facts why they should not make discovery. Discovery cannot injure them. They do not claim that the letter is their affirmative defense. The order appealed from is affirmed, with $10 costs, and printing disbursements.

LANDON and INGALLS, JJ., concur.